**Charles CHUBB, Jr. Petitioner-Appellant,**

v.

**UNITED STATES of America Respondent-Appellee.**

No. 17-3352

United States Court of Appeals, Sixth Circuit.

Filed January 08, 2018

Zenaida Renee Lockard, Federal Public Defender's Office, Cincinnati, OH, for Petitioner-Appellant

Mary B. Young, Office of the U.S. Attorney, Columbus, OH, for Respondent-Appellee

Before: SUTTON, KETHLEDGE, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge.

Charles Chubb filed a motion to vacate his sentence under 28 U.S.C. § 2255. The district court denied the motion. Chubb claims that he is entitled to relief based on the Supreme Court's decision in *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Because Chubb's motion was untimely, we affirm.

## I.

In 1992, a jury found Charles Chubb guilty of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846; possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841; and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). *United States v. Chubb*, 992 F.2d 1217 (6th Cir. 1993) (unpublished table decision). Due to his prior state convictions for attempted robbery and kidnapping, the district court found Chubb to be a career offender under the then-mandatory Sentencing Guidelines and sentenced him to 327 months' imprisonment for the drug convictions, with a consecutive 60-month sentence for the firearm conviction. *See* U.S.S.G. § 4B1.1 (1991); *United States v. Chubb*, No. CR-2-92-009(1), 2007 WL 3025342, at *1 (S.D. Ohio Oct. 15, 2007).

In June 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act's (ACCA) definition of a "violent felony," 18 U.S.C. § 924(e)(2)(B)(ii), was so vague as to violate the Constitution's guarantee of due process. *Johnson*, 135 S.Ct. at 2563. In December 2015, Chubb filed this § 2255 motion, claiming that *Johnson* entitled him to relief from his designation as a career offender. He argued that because the Sentencing Guidelines' definition of a "crime of

violence" contains a residual clause identical to that contained in the ACCA, it too is unconstitutionally vague. He maintained further that his prior state conviction for kidnapping could trigger his designation as a career offender only under the Guidelines' residual clause.[1] *See* U.S.S.G. § 4B1.2(1)(ii) (1991).

The district court denied Chubb's motion, citing *Beckles v. United States*, —— U.S. ——, 137 S.Ct. 886, 890, 896, 197 L.Ed.2d 145 (2017), which held that the Sentencing Guidelines, as rendered advisory by *United States v. Booker*, 543 U.S. 220, 245, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), are not subject to vagueness challenges. Chubb appealed, arguing that *Beckles* does not control because he was sentenced before *Booker*, when the Guidelines were mandatory.

## II.

We affirm the district court's judgment that Chubb's motion should be denied, but we do so because the motion was untimely under § 2255(f). To be timely, a § 2255 motion must be filed within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

---

1. The United States disputes this claim, arguing that the state kidnapping conviction qualifies as an enumerated offense under U.S.S.G.

§ 4B1.2. Because we hold that Chubb's motion was untimely, we need not decide this question.

made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Chubb asserts that his motion, filed more than two decades after his conviction became final, is timely under § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in *Johnson.*

We recently rejected this argument in *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017). *Raybon* held that whether *Johnson* applies to the mandatory Guidelines is an "open question," a point it found supported by the majority and concurring opinions in *Beckles. Id.* at 629–30. The right Chubb claims based on *Johnson,*

therefore, is not a "'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'" *Id.* at 630 (quoting § 2255(f)(3)). Chubb's motion, then, fails to satisfy the requirements of § 2255(f)(3), as did the petitioner's motion in *Raybon.*[2] *Id.* at 630–31. Chubb does not allege that his motion satisfies any of the other subsections of § 2255(f); accordingly, we find his motion untimely and affirm the judgment of the district court.[3]

---

**2.** Chubb argues that this case should be held in abeyance because his counsel says that she "knows" that the petitioner in *Raybon* plans to petition the Supreme Court for a writ of certiorari. We do not think that a sufficient reason to hold this case in abeyance.

**3.** The government advances three alternative arguments in support of affirmance, including

that Chubb's motion, his fourth filed under § 2255, should be denied under § 2255(h) as an improper successive motion. Because Chubb's motion is untimely under *Raybon* and, therefore, must be denied, we need not consider the government's alternative arguments.